UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Quentes Wells, | ) | Civil Action No.: 4:14-cv-02572-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Christopher Broad, Mr. Kelly, Lt. | ) | |
| Ms. Salmond, and Sgt. Mr. Baker, | ) | |
| all in their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Quentes Wells, a state prisoner proceeding pro se, filed a complaint under 42 U.S.C. § 1983 against four prison officials, asserting claims for deprivation of his Eighth and Fourteenth Amendment rights. *See* Complaint, ECF No. 1. Plaintiff's claims arise from an alleged incident during which Defendant Christopher Broad sprayed chemical munitions in Plaintiff's left eye. Complaint at 3. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1] *See* R & R, ECF No. 66. The Magistrate Judge recommends the Court dismiss Plaintiff's complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *Id.* at 2.

The Magistrate Judge makes only a recommendation to this Court. The recommendation

---

[1] The Magistrate Judge conducted his review of Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

No parties have filed objections to the R & R. In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Court adopts and incorporates the Magistrate Judge's R & R [ECF No. 66] by reference. **IT IS THEREFORE ORDERED** that Plaintiff's complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Defendants' motion for summary judgment [ECF No. 63] is **DENIED AS MOOT.** The Court directs the Clerk to **CLOSE** this case.

**IT IS SO ORDERED.**

Florence, SC                                                              s/ R. Bryan Harwell

July 1, 2015                                                                      R. Bryan Harwell
                                                          United States District Judge